UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| AMY JO MCCABE,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 6:22-cv-1735-RMN |

**MEMORANDUM DECISION AND ORDER**[1]

Plaintiff, Amy Jo McCabe, seeks review of a decision of the Commissioner of Social Security denying her application for disability and disability insurance benefits under 42 U.S.C. § 405(g). Dkt. 1 at 1. After closely examining the record and considering the arguments raised by the parties, the Court reverses the Commissioner's decision and remands this case to the agency for further proceedings.

---

[1] With the parties' consent, this matter was referred to me to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkts. 10, 13.

## I. BACKGROUND

### A. Agency Proceedings

McCabe applied for disability benefits on October 2, 2020. R. 190–96. In her application, she alleged a disability beginning January 25, 2012. R. 190–96. The agency denied McCabe's claim initially and again on reconsideration. R. 85–87, 99–103. McCabe then asked for a hearing before an Administrative Law Judge ("ALJ"). R. 15. A hearing was held on October 20, 2021. R 15, 33–62. The ALJ issued a written decision denying McCabe's application on November 3, 2023. R. 12–26. McCabe then sought review of that decision by the agency, but her request was denied. R. 1–5, 184–87. The ALJ's decision became the Commissioner's final decision. R. 1.

### B. The ALJ's Decision

The ALJ evaluated McCabe's application using the five-step sequential evaluation process. R. 16–25. The ALJ determined McCabe had not engaged in substantial gainful activity through her date of last insured and found she had severe impairments, including anxiety, attention deficit hyperactivity disorder ("ADHD"), substance addiction disorder, depression, and back disorder. R. 18. The ALJ then determined McCabe did not have an impairment or combination of impairments that met or equally the severity of one impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 18–20.

Moving to the next part of the evaluation process, the ALJ found that, through the last date insured, McCabe had the residual functional capacity to perform light work, with other limitations. R. 20, 20–24. Those limitations included standing and walking six hours in an eight-hour day, sitting six hours in an eight-hour day, and occasionally stooping, kneeing, crouching, and crawling. R. 20. The ALJ also found McCabe could (1) tolerate occasional interaction with supervisors, coworkers, and the public, (2) concentrate and persistent to complete simple tasks, and (3) adjust to gradual changes in a routine work setting. R. 20. Based on this determination, at step four, the ALJ concluded that McCabe could not perform her past relevant work. R. 24.

At the last step, the ALJ considered McCabe's age, education, work experience, and residual functional capacity, and the testimony of a vocational expert. R. 24–25. Because the ALJ determined other jobs exist in significant numbers in the national economy that McCabe can perform—such as mail room clerk, merchandise marker, and office help—the ALJ concluded that McCabe was not disabled under section 216(i) and 223(d) of the Social Security Act through her last date insured. R. 26.

## II.  STANDARD OF REVIEW

A court's only task in reviewing a denial of disability benefits is to determine whether the Commissioner's decision is "supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*,

631 F.3d 1176, 1178 (11th Cir. 2011). Substantial evidence "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*.

Courts reviewing a decision denying disability benefits may not "decide the facts anew, make credibility determinations, or re-weigh the evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (cleaned up). Rather, courts must affirm the decision if the denial is supported by substantial evidence, even if the preponderance of the evidence weighs against the Commissioner's findings. *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264 (11th Cir. 2015). Courts review the Commissioner's legal conclusions *de novo*. *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

### III.  ANALYSIS

McCabe raises two issues on review, but the Court must address only whether the ALJ applied the correct legal standards when evaluating the opinion of McCabe's treating counselor, George Burton.

McCabe argues that the ALJ ignored the requirements of the agency's regulations because the ALJ did not adequately articulate her analysis of Mr. Burton's opinion. Dkt. 16 at 18–21; *see also* Dkt. 18 at 3. The Commissioner disagrees, responding that the ALJ provided all the articulation required by the regulations and that the decision is supported by substantial evidence. Dkt. 17 at 8–11.

The applicable agency regulations require ALJs to focus on the persuasiveness of a medical opinion in view of five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) "other factors that tend to support or contradict" the opinion. 20 C.F.R. § 404.1520c(c)(1)–(5); *see also Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 897–98 (11th Cir. 2022). Because supportability and consistency are the most important factors, the regulation requires an ALJ to explain how she considered these factors for each medical source's opinion. 20 C.F.R. § 404.1520c(b)(2). But she does not have to explain how any other factor was considered. *Id*.

The ALJ's consideration of Mr. Burton's opinion is concise. R. 23. The ALJ explained that she:

> finds the medical source statement from Dr. George Burton unpersuasive. Dr. Burton assessed that the claimant had mostly extreme mental limitations, but did not provide any objective reasoning to support these findings. Also, this is not consistent with his own treatment records at Exhibit 2F showing the claimant's ADHD, anxiety, and substance dependence were all controlled and stable with medication treatment and that the claimant was doing well (Exhibit 17F).

R. 23.

The ALJ may have included the third sentence to articulate her consideration of the consistency factor. There, the ALJ explained that Mr. Burton's assessment of "mostly extreme mental limitations" (R. 20,

referring to R. 643–44) contradicted his treatment records (R. 20, referring to R 349–416). And indeed, each "progress note" in Mr. Burton's records denotes McCabe's consistent use of her prescribed medications and contains a "mental health status" section that remains generally consistent from June 2017 through August 2020. *See* R 349–416. Thus, the ALJ rested her consideration of the *consistency* of Mr. Burton's opinion on the information found in his progress notes.

To the extent that explanation is offered to fulfill the ALJ's duty to articulate her consideration of the consistency factor, it departs from the required analysis. The regulations' consistency factor refers to the principle that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from *other medical sources and nonmedical sources in the claim*, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2) (emphasis added). As McCabe points out, this inquiry focuses on a comparison of the medical source's opinion to the other evidence in the record, not a medical source's own records. Dkt. 18 at 3. Put another way, the regulations require the ALJ to articulate whether each medical source's opinion is *supported* by the source's own records and *consistent* with the other evidence of record. *Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197-RBD-DCI, 2021 WL 1565832, at *3

(M.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021) (emphasis in original).

The ALJ either omitted the consistency factor from her analysis of Mr. Burton's opinion or applied the incorrect legal standard. Either way, she erred.[2]

## IV.  CONCLUSION

Accordingly, it is **ORDERED**:

1. The Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings consistent with the findings of this Order; and

2. The Clerk is directed to enter judgment for Plaintiff and close the case.

**DONE** and **ORDERED** in Orlando, Florida, on October 13, 2023.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

---

[2] Because the Court remands on other grounds, it declines to address McCabe's other arguments, which can be addressed by the agency on remand. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983)).

- 8 -

Copies to:

Counsel of Record